**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **D. ANTHONY EBARB, SR.** | **CIVIL ACTION NO. 07-1448** |
| **VS.** | **SECTION P** |
| **RICHARD L. STALDER, ET AL.** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE METHVIN** |

***REPORT AND RECOMMENDATION***

Before the court is a petition for writ of *habeas corpus* filed on August 30, 2007, by *pro se* petitioner D. Anthony Ebarb, Sr., pursuant to the provisions of 28 U.S.C. §2241.

Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Allen Correctional Center (ACC), Kinder, Louisiana, where he is serving a 30-year sentence imposed following his 1992 conviction for attempted aggravated rape. Petitioner claims that the amendment of La. R.S.15:574.4 by Act 26 of the 2006 Legislature operates as an ex post facto law in violation of the Constitution since it operates to delay his release on "good time" parole.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

***Background***

On September 14, 1992 petitioner was convicted of attempted aggravated rape and sentenced to serve 30-years at hard labor in the custody of LDOC. In April 1993, petitioner

opted to receive diminution of sentence for good behavior in lieu of incentive wages in accordance with the provisions of Louisiana's "good-time" law, La. R.S.15:571.3.[1] In 2006 the Louisiana Legislature amended La. R.S.15:571.4 by adding Subsection S which provides,

> (1) In cases where parole is permitted by law and the offender is otherwise eligible, the Board of Parole shall not grant parole to any sex offender either by an order of the Board of Parole or office of adult services pursuant to R.S. 15:571.3 until the Department of Public Safety and Corrections, division of probation and parole, has assessed and approved the suitability of the residence plan of such offender. In approving the residence plan of the offender, the department shall consider the likelihood that the offender will be able to comply with all of the conditions of his parole.
>
> (2) For purposes of this Subsection, 'sex offender' shall mean any offender who has been convicted of, or where adjudication has been deferred or withheld for, the perpetration or attempted perpetration of a violation of a sex offense as defined in R.S. 15:541(14.1).[2] [See Act 26 of the 2006 Louisiana Legislature]

According to petitioner's calculations, he completed 15-years or one-half of his sentence on March 27, 2007 and he was therefore eligible for "good time" release; however, on that date the "... anticipated date of release..." was "rescinded" because the LDOC had not yet assessed and approved a suitable residence plan as required by the newly amended statute.

On March 27, 2007 petitioner submitted an Administrative Remedies Procedure (ARP) grievance to the authorities at ACC. In this ARP petitioner apparently requested a change in the

---

[1] The statute provides in pertinent part, "... every inmate in the custody of the department who has been convicted of a felony ... and sentenced to imprisonment for a stated number of years or months ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as 'good time.'"

[2] La. R.S.15:541(14.1) defines "sex offense" to include a conviction for the attempted perpetration of ... "... any provision of Subpart C of Part II or Subpart A(1) of Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes ... committed prior to June 18, 1992, if the person, as a result of the offense, is under the custody of the [LDOC] on or after June 18, 1992." Petitioner was convicted of attempted aggravated rape. Aggravated rape is a provision of Subpart C (rape and sexual battery) of Part II (offenses against the person) of Title 14. Petitioner contends that the offense was committed on April 27, 1992, or prior to June 18, 1992. However, as shown above, petitioner remains incarcerated as a result of his conviction for the offense and therefore the statute applies.

"good time" act under which he was sentenced and incentive pay retroactive from April 14, 1993. On July 16, 2007 his grievance was denied. [doc. 1-1, p. 14]

Petitioner appealed to the LDOC Headquarters. On August 14, 2007 the Secretary of LDOC denied relief and noted, "Act 26 of the 2006 Regular Legislative Session requires all sex offenders releasing by order of parole or by the office of adult services pursuant to 15:571.3 to have an approved residence plan prior to release. You have not obtained an approved plan and therefore have not been released. The Department must abide by all laws and policy in respect to the custody of inmates. Your release date has not been rescinded and you may release at any time once an approved residence plan is obtained." [doc. 1-1, p. 15]

Petitioner filed the instant petition for *habeas corpus* on August 30, 2007.

***Law and Analysis***

Federal law is clear – a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas* relief whether he seeks relief pursuant to 28 U.S.C. § 2241 or § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied,* 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Also see *Serio v. Members of Louisiana Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir.1989). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205. Further, as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by

an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Since petitioner seeks a speedier release from custody and since *habeas corpus* is his sole remedy, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies.[3]

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986).

Petitioner's original pleadings and exhibits were silent with respect to the issue of whether or not he fully exhausted available state court remedies before proceeding to federal court. Nevertheless, a review of the presumptively reliable published jurisprudence of the State of Louisiana establishes that petitioner has not litigated any of his current claims before the Louisiana Supreme Court. The available evidence establishes beyond any doubt that petitioner has not fully exhausted the claim he brings in this petition for federal *habeas corpus*.

Therefore

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears that the petitioner has failed to exhaust all available state court remedies.

---

[3] Petitioner has apparently exhausted administrative remedies; however, before proceeding in federal court, he must litigate the substance of his federal constitutional claims in the Louisiana courts.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on October 2, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)